# EXHIBIT 1
# to
# (NOTICE OF REMOVAL)

# CLERK OF THE COURT
# SUPERIOR COURT OF ARIZONA

Michael K. Jeanes
Clerk

**MARICOPA COUNTY**
**CUSTOMER SERVICES CENTER**
**601 West Jackson**
**Phoenix, Arizona 85003**

(602) 506-3676
Fax - (602) 506-7684
TDD – (602) 506-3211

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

I, MICHAEL K. JEANES, Clerk of the Superior Court, in and for Maricopa County, State of Arizona hereby certify that I have compared the foregoing copies with the original documents on file in CV2012-015126 in this office:

| | | |
|---|---|---|
| Summons of Gallagher Basset Services, Inc. | Filed | 10/11/2012 |
| Summons of Hartford Insurance co. of the Midwest | Filed: | 10/11/2012 |
| Affidavit of Service | Filed: | 10/11/2012 |
| Affidavit of Service | Filed: | 10/11/2012 |
| Complaint | Filed: | 10/4/2012 |
| Certificate of Compulsory Arbitration | Filed: | 10/4/12 |
| Demand for Jury Trial | Filed: | 10/4/12 |

and that same are true copies of the originals, and of the whole thereof. That once stapled together, the certification is no longer valid if the documents are later unstapled or otherwise separated for copying or for any other reason.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of said Court, this date: November 1, 2012.

MICHAEL K. JEANES, Clerk of the Superior Court

By: *Debra Cooper*
Debra Cooper, Deputy Clerk

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 OCT 11 PM 4:40
FILED BY: J Kei

Michael Patrick Doyle (# 029400)
Jeffrey L. Raizner (# 029276)
Kevin B. Wein (# 022752)
DOYLE RAIZNER LLP
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com
Attorneys for Plaintiff

ORIGINAL

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **BRENDA TEMPLE**<br>**Plaintiff**<br><br>**v.**<br><br>**HARTFORD INSURANCE CO. OF THE MIDWEST; GALLAGHER BASSETT SERVICES, INC.; TONYA L.MURRAY; XYZ CORPORATIONS; JOHN DOES 1-26;**<br>**Defendants** | **CASE NO.:** CV2012-015126<br><br>**SUMMONS OF GALLAGHER BASSETT SERVICES, INC.**<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

**THE STATE OF ARIZONA TO:**

**GALLAGHER BASSETT SERVICES, INC.**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and

Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5.

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, Maricopa Courthouse, 201 W. Jefferson, Phoenix, AZ 85003.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:

Jeffrey L. Raizner (029276)
Michael P. Doyle (029400)
Kevin Wein (022752)
DOYLE RAIZNER, L.L.P.
316 East Flower Street, Suite A
Phoenix, Arizona 85012
Ph: (480) 447-2494
Fax: (480) 685-5005

SIGNED AND SEALED THIS DATE: OCT 04 2012

CLERK: MICHAEL K. JEANES, CLERK

DEPUTY CLERK: [signature]

SEAL OF THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA — CLERK OF THE SUPERIOR COURT

15

Michael Patrick Doyle (# 029400)
Jeffrey L. Raizner (# 029276)
Kevin B. Wein (# 022752)
DOYLE RAIZNER LLP
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com
Attorneys for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 OCT 11 PM 4:40

FILED BY: [signature]

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

BRENDA TEMPLE
Plaintiff

v.

HARTFORD INSURANCE CO. OF THE MIDWEST; GALLAGHER BASSETT SERVICES, INC.; TONYA L.MURRAY; XYZ CORPORATIONS; JOHN DOES 1-26;
Defendants

CASE NO.: CV2012-015126

**SUMMONS OF HARTFORD INSURANCE CO. OF THE MIDWEST**

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

THE STATE OF ARIZONA TO:

HARTFORD INSURANCE CO. OF THE MIDWEST

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is

DOYLE RAIZNER LLP
316 E. Flower St., Suite A ♦ Phoenix, AZ 85012
Phone: 480.447.2494 ♦ Fax: 480.685.5005

complete when made. R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5.

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, Maricopa Courthouse, 201 W. Jefferson, Phoenix, AZ 85003.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:

Jeffrey L. Raizner (029276)
Michael P. Doyle (029400)
Kevin Wein (022752)
DOYLE RAIZNER, L.L.P.
316 East Flower Street, Suite A
Phoenix, Arizona 85012
Ph: (480) 447-2494
Fax: (480) 685-5005

SIGNED AND SEALED THIS DATE: OCT 04 2012

MICHAEL K. JEANES, CLERK

CLERK: ______________________

DEPUTY CLERK: ______________________

CLERK OF THE SUPERIOR COURT — SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 OCT 11 PM 4:40

FILED BY

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081 FAX: (602) 258-8864

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**BRENDA TEMPLE**
VS
**HARTFORD INSURANCE CO. OF THE MIDWEST**

CASE NO. CV2012-015126

STATE OF ARIZONA )
MARICOPA COUNTY )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in MARICOPA COUNTY and an Officer of the Court. On 10/05/12 I received the (2) SUMMONS OF HARTFORD INSURANCE CO. OF THE MIDWEST; (2) COMPLAINT; (2) CERTIFICATE OF COMPULSORY ARBITRATION; (2) DEMAND FOR JURY TRIAL

from DOYLE RAIZNER, LLP and by MICHAEL PATRICK DOYLE in each instance I personally served a copy of each document listed above upon:
HARTFORD INSURANCE CO. OF THE MIDWEST, BY SERVICE UPON ITS STATUTORY AGENT, ARIZONA DEPARTMENT OF INSURANCE on 10/05/12 at 2:50 pm at 2910 N. 44TH ST., 2ND FLOOR PHOENIX, AZ 85018 MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with AMANDA BUETTNER, ADMINISTRATIVE ASSISTANT, STATED AUTHORIZED TO ACCEPT. TENDERED FEES IN THE AMOUNT OF $ 15.00.

Description: WHITE, Female, Approx. 30 yrs. of age, 5' 4" tall, Weighing 180lbs., BROWN Eyes, BROWN Hair,

DON A. FOUTZ, ACPS Affiant
Sworn to before me the Oct 10, 2012

Angelina M. Robles Notary

My Commission expires: 04/28/2013

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| MILES 9 | $ | 21.60 |
| FEES PAID | $ | 15.00 |
| EZM CHECK CHARGE | $ | 1.50 |
| SERVICE CHARGE | $ | 8.00 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 72.10 |

AX022254850

2254850 21584 06
ORIGINAL

OFFICIAL SEAL
ANGELINA M. ROBLES
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. April 28, 2013

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

12 OCT 11 PM 4:40

FILED BY: J. K

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081 FAX: (602) 258-8864

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**BRENDA TEMPLE**
VS
**HARTFORD INSURANCE CO. OF THE MIDWEST**

CASE NO. CV2012-015126

STATE OF ARIZONA )
MARICOPA COUNTY )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in MARICOPA COUNTY and an Officer of the Court. On 10/05/12 I received the SUMMONS OF GALLAGHER BASSETT SERVICES, INC.; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL

from DOYLE RAIZNER, LLP and by MICHAEL PATRICK DOYLE in each instance I personally served a copy of each document listed above upon:
GALLAGHER BASSETT SERVICES, INC., BY SERVICE UPON ITS STATUTORY AGENT, PRENTICE-HALL CORP SYSTEM on 10/05/12 at 11:15 am at 2338 W. ROYAL PALM RD., STE. J PHOENIX, AZ 85021 MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with NINA NASON, PROCESS SPECIALIST, STATED AUTHORIZED TO ACCEPT.

Description: HISP, Female, Approx. 25 yrs. of age, 5' 2" tall, Weighing 110lbs., BROWN Eyes, BLACK Hair,

DON FOUTZ ACPS Affiant

Sworn to before me the Oct 10, 2012

Angelina M. Robles Notary

My Commission expires: 04/28/2013

| | | | |
|---|---|---|---|
| SERVICE OF PROCESS | | $ | 16.00 |
| MILES | 13 | $ | 31.20 |
| SERVICE CHARGE | | $ | 8.00 |
| AFFIDAVIT PREP/NOTARY | | $ | 10.00 |
| TOTAL | | $ | 65.20 |

2254846 21584 06
ORIGINAL




OFFICIAL SEAL
ANGELINA M. ROBLES
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. April 28, 2013

MICHAEL K. JEANES
Clerk of the Superior Court
By Shannon LaSpaluto, Deputy
Date 10/04/2012 Time 16:48:58
Description Amount
-------- CASE# CV2012-015126 --------
CIVIL NEW COMPLAINT 301.00
TOTAL AMOUNT 301.00
Receipt# 22499006

Michael Patrick Doyle (# 029400)
Jeffrey L. Raizner (# 029276)
Kevin B. Wein (# 022752)
DOYLE RAIZNER LLP
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com
Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **BRENDA TEMPLE**<br>**Plaintiff**<br><br>**v.**<br><br>**HARTFORD INSURANCE CO. OF THE MIDWEST; GALLAGHER BASSETT SERVICES, INC.; TONYA L.MURRAY; XYZ CORPORATIONS; JOHN DOES 1-26;**<br>**Defendants** | **CASE NO.:** CV2012-015126<br><br>**COMPLAINT** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

The Plaintiff, BRENDA TEMPLE, by and through her attorney undersigned, and for her complaint against the Defendants, does hereby state, aver, and allege as follows:

1. All acts out of which this complaint arises occurred or were committed in the State of Arizona.

## I. PARTIES

2. Ms. Temple is a resident and citizen of the State of Arizona.

3. Defendant, HARTFORD INSURANCE CO. OF THE MIDWEST ("HARTFORD"), upon information and belief, is a corporation insuring Arizona

DOYLE RAIZNER LLP
316 E. Flower St., Suite A ♦ Phoenix, AZ 85012
Phone: 480.447.2494 ♦ Fax: 480.685.5005

employees for coverage under the Arizona Workers' Compensation Act, A.R.S. § 23-901, *et seq*. HARTFORD conducts business in Maricopa County, Arizona.

a. Service of process may be effected on HARTFORD by certified mail, return receipt requested, through the Arizona Department of Insurance, its registered agents, **Director of Insurance, 2910 North 44th St., Second Floor, Phoenix, Arizona 85018**.

b. All acts complained of HARTFORD herein were committed by HARTFORD directly, or under its supervision and direction.

c. All acts complained of HARTFORD herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant HARTFORD.

d. All acts complained of HARTFORD herein that were committed through any of its servants, employees, or agents, were also ratified by HARTFORD.

e. HARTFORD is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of HARTFORD.

f. HARTFORD is directly liable for breaches of its non-delegable duty of good faith and fair dealing committed by any of its servants, employees, or agents.

4. Defendant, GALLAGHER BASSETT SERVICES, INC., ("GALLAGHER BASSETT"), upon information and belief, is a corporation adjusting insurance claims made by Arizona employees on behalf of HARTFORD for coverage under the Arizona Workers' Compensation Act, A.R.S. § 23-901, *et seq*. GALLAGHER BASSETT conducts business in

Maricopa County, Arizona.

a. Service of process may be effected on GALLAGHER BASSETT by certified mail, return receipt requested, to its registered agent, **Prentice-Hall Corp. System, 2338 W. Royal Palm Rd., Ste. J, Phoenix, Arizona 85021**.

b. GALLAGHER BASSETT is directly liable for its own acts and omissions insofar as GALLAGHER BASSETT aided and abetted Defendant HARTFORD in its violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Ms. Temple. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust*, 38 P.3d, 12 (Ariz. 2002).

c. All acts complained of GALLAGHER BASSETT herein were committed by GALLAGHER BASSETT directly, or under its supervision and direction.

d. All acts complained of GALLAGHER BASSETT herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant GALLAGHER BASSETT.

e. All acts complained of GALLAGHER BASSETT herein that were committed through any of its servants, employees, or agents, were also ratified by GALLAGHER BASSETT.

f. GALLAGHER BASSETT is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of GALLAGHER BASSETT .

5. Defendant, TONYA L. MURRAY ("Ms. Murray"), upon information and belief, is a natural person, working and residing in Morrison, Colorado. Ms. Murray may

be served by service upon her to TONYA L. MURRAY, 17612 N. 28th St., Phoenix, AZ 85032-1984.

a. Ms. Murray is personally liable for her own acts and omissions insofar as she aided and abetted Defendants HARTFORD and GALLAGHER BASSETT in their violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Ms. Temple. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust*, 38 P.3d, 12 (Ariz. 2002).

6. Defendants XYZ CORPORATIONS, are fictitious entities whose true names are presently unknown, but who may have been parent companies, subsidiaries, or affiliates of HARTFORD, and may be liable for the acts complained of herein. Upon ascertaining the true names of such entities, leave is requested to amend the complaint.

7. Defendants JOHN DOES 1-26, are fictitious persons whose true names are presently unknown, but who may have been servants, employees, or agents of HARTFORD and/or XYZ CORPORATIONS, and may be liable for the acts and omissions complained of herein. Upon ascertaining the true names of such persons, leave is requested to amend the complaint.

## II. <u>VENUE & JURISDICTION</u>

8. Venue is proper in Maricopa County under Arizona Revised Statute 12-401(18), as a substantial part of the events or omissions giving rise to the cause of action herein occurred in Maricopa County. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Maricopa County, Arizona and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Maricopa County, Arizona. Moreover, the injury giving

rise to Ms. Temple's workers' compensation claim occurred in Maricopa County, Arizona. In addition, investigation, including communications to and from Defendants, Plaintiff (including telephone calls, mailings, and other communications to Plaintiff), and Plaintiff's medical providers occurred in Maricopa County, Arizona. Maricopa County, Arizona, is also where Ms. Temple sought medical treatment for her on-the-job injuries. Further, all filings and proceedings before the Industrial Commission of Arizona, occurred in Maricopa County, Arizona. Finally, Defendants HARTFORD and GALLAGHER BASSETT maintain representatives and conduct business in Maricopa County, Arizona.

## III. FACTUAL BACKGROUND

9. This suit is necessary to collect a legal debt and damages due and owing Ms. Temple because of Defendants' wrongful acts in handling of her claim for an on-the-job injury. The Defendants, individually and/or collectively, have engaged in conduct that wrongfully denied and/or unreasonably delayed payment of workers' compensation benefits for workplace injuries sustained by Ms. Temple.

10. Ms. Temple, a loyal and hard-working employee of Stanley Steemer, was injured in the course and scope of her employment on January 9, 2012.

11. Upon receiving Ms. Temple's workers' compensation claim, HARTFORD and GALLAGHER BASSETT placed Ms. Murray as the adjuster in charge of processing Ms. Temple's workers' compensation claim. In processing Ms. Temple's claim, GALLAGHER BASSETT and Ms. Murray, on behalf of HARTFORD, caused to be filed a Notice of Claim Status form with the Industrial Commission of Arizona, Claims Division, which created the direct result of ceasing and denying further medical and

income benefits to Ms. Temple. *See* Exhibit "A," Notice of Claim Status, dated March 5, 2012.

12. In all, rather than properly investigate and adjust Ms. Temple's workers' compensation claim to ensure Ms. Temple would receive the medical, financial, and other benefits to which she was entitled as a beneficiary of the workers' compensation promised to the employees of Stanley Steemer, without a reasonable basis or adequate investigation, HARTFORD, GALLAGHER BASSETT, and Ms. Murray chose to continue to deny timely payment of the insurance benefits to which Ms. Temple was entitled. HARTFORD, GALLAGHER BASSETT, and Ms. Murray (the latter two as the adjusters in charge of investigating Ms. Temple's claim and paying workers' compensation benefits) instead refused to issue payments owed to Ms. Temple. *See* Exhibit "A," Notice of Claim Status, dated March 5, 2012. As a direct result, Ms. Temple was forced to hire and pay a lawyer to help her secure the workers' compensation benefits to which she was entitled. After initiating litigation through preliminary proceedings before the Industrial Commission of Arizona, it was only with the assistance of an attorney that Ms. Temple was able to force HARTFORD, GALLAGHER BASSETT, and Ms. Murray to rescind their prior decision and secure the benefits that she had been owed under her workers' compensation policy.

13. The Defendants' wrongful conduct includes the following acts or omissions:

a. Failure to conduct a reasonable investigation of the events and facts relating to Ms. Temple's claim;

b. Failure to timely recognize and acknowledge the nature and extent of Ms. Temple's compensable injury sustained on January 9, 2012;

c. Failure to accept the undisputed evidence regarding Ms. Temple's claim;

d. Denial of the existence and/or extent of injury without the input of competent individuals with appropriate medical training;

e. Creation of pretextual reasons to deny and/or delay payment of Ms. Temple's claim and engagement in an "outcome-driven" approach to her claim;

f. Ignoring and refusing to consider information favorable to Ms. Temple's claim for workers' compensation benefits; and

g. Failure to ensure that the industry's best practices were applied consistently with regard to Ms. Temple's claim.

14. Unfortunately, HARTFORD, GALLAGHER BASSETT, and Ms. Murray's delay and imposition of severe economic distress and delayed medical treatment had reasonably anticipated consequences on Ms. Temple from which she is still fighting to recover. Given the repeated delays of payment for her necessary medical care and other benefits, Ms. Temple has been subjected to significant economic impact, humiliation, worry, distress, and continuing economic and physical damage. In addition, Ms. Temple has suffered financial harm and damage to her credit as a result of HARTFORD, GALLAGHER BASSETT, and Ms. Murray's denials and repeated delays.

15. The Industrial Commission of Arizona retains jurisdiction to determine medical and disability benefits payable under the Arizona Workers' Compensation Act. However, jurisdiction for Ms. Temple's general damages arising from the wrongful conduct of Defendants is wholly separate from the relief accorded under the Arizona Workers' Compensation Act and is vested in this Court. Consequently, the significant

effect of Defendants' wrongful and unjustified delay is still uncompensated.

## IV. FIRST CLAIM FOR RELIEF— BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANT COLORADO CASUALTY

16. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-15, of this Petition as if fully set forth herein.

17. Defendants have committed violations of the Arizona Workers' Compensation Act and their other duties under the laws of the State of Arizona arising from their obligations under the Arizona Workers' Compensation Act and the contract of insurance for which Defendants provided workers' compensation insurance coverage to Ms. Temple.

18. HARTFORD, as Ms. Temple's workers' compensation insurer, had a duty to deal fairly and in good faith with Ms. Temple in the processing of her workers' compensation claim. HARTFORD breached this duty by refusing to properly investigate and effectively denying necessary medical care and other benefits, without any reasonable basis to do so. HARTFORD knew or should have known that there was no reasonable basis for denying or delaying the required benefits.

19. HARTFORD's acts and omissions include, but are not limited to, the following:

a. Intentionally denying workers' compensation benefits without a reasonable basis for such denial;

b. Knowingly terminating workers' compensation benefits without a reasonable basis for such action;

c. Failing to perform an adequate and reasonable investigation or evaluation to determine whether any termination of benefits was supported by a reasonable basis;

d. Unreasonably interpreting HARTFORD's obligations under the Arizona Workers' Compensation Act to arbitrarily and capriciously delay, decrease, and deny benefits owed to Ms. Temple;

e. Abusing the litigation process and procedures of the Industrial Commission of Arizona as a tool to delay, decrease, and deny benefits owed to Ms. Temple;

d. Needlessly compelling Ms. Temple through administrative litigation to receive benefits under her workers' compensation insurance policy;

e. Delaying, decreasing, and denying benefits to Ms. Temple with the intent to cause her to accept a compromised amount of the benefits that should have been due and owing under her workers' compensation insurance policy;

f. Failing to adopt and implement reasonable standards for investigating and evaluating benefits due to Ms. Temple under her workers' compensation insurance policy; and

g. Placing the financial interests of HARTFORD above the interests Ms. Temple, HARTFORD's insured.

20. HARTFORD's acts and omissions, including those described in paragraphs 16-19, *supra,* violate the common law duties of good faith and fair dealing owed to Ms. Temple, its insured.

21. As a direct and proximate result of the conduct of Defendants described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## V. SECOND CLAIM FOR RELIEF—AIDING AND ABETTING HARTFORD'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT GALLAGHER BASSETT

22. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-21, of this Petition as if fully set forth herein.

23. The acts and omissions of GALLAGHER BASSETT were performed by it in its individual capacity and as an agent for HARTFORD. Such acts and omissions were within the scope of its actual authority, express authority, implied authority, or apparent authority.

24. GALLAGHER BASSETT knew that, after an adequate investigation, Plaintiff's claim was not fairly debatable, that HARTFORD and GALLAGHER BASSETT denied or delayed Plaintiff's claim without a reasonable basis, and that HARTFORD and GALLAGHER BASSETT knew or recklessly disregarded the lack of a reasonable basis for denying Plaintiff's claim.

25. GALLAGHER BASSETT substantially assisted or encouraged HARTFORD in delaying or denying the claim without a reasonable basis.

## VI. SECOND CLAIM FOR RELIEF – AIDING AND ABETTING COLORADO CASUALTY'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT TONYA L. MURRAY

26. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-25, of this Petition as if fully set forth herein.

27. The acts and omissions of Ms. Murray were performed by her in her individual capacity and as an agent for HARTFORD and/or GALLAGHER BASSETT.

Such acts and omissions were within the scope of her actual authority, express authority, implied authority, or apparent authority.

28. As an adjuster for workers' compensation claims in the State of Arizona, Ms. Murray is subject to individual liability for her actions, independent of employment with HARTFORD and/or GALLAGHER BASSETT. Ms. Murray's licensure as an adjuster imputes upon her personal responsibilities and obligations, both independent of and in conjunction with her employment with HARTFORD and/or GALLAGHER BASSETT.

29. Ms. Murray knew that, after an adequate investigation, Ms. Temple's claim was not fairly debatable, that HARTFORD and GALLAGHER BASSETT delayed and denied Ms. Temple's claim without any reasonable basis, and that HARTFORD and GALLAGHER BASSETT knew or recklessly disregarded this lack of a reasonable basis to delay and deny Plaintiff's claim.

30. Ms. Murray thus substantially assisted or encouraged HARTFORD in delaying or denying Ms. Temple's on-the-job injury claim, without any reasonable basis.

31. Ms. Murray's conduct to aid and abet HARTFORD and GALLAGHER BASSETT resulted in the delay and denial of insurance benefits to Ms. Temple and, ultimately, in the damages sustained by Ms. Temple.

32. Because of Ms. Murray's acts and omissions to aid and abet HARTFORD and GALLAGHER BASSETT, she is individually, as well as jointly and severally, liable for Plaintiff's damages. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002).

33. As a direct and proximate result of the conduct of Ms. Murray described

herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## VII. FOURTH CLAIM FOR RELIEF—PUNITIVE DAMAGES

34. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-33, of this Petition as if fully set forth herein.

35. Defendants acted intentionally, fraudulently, and with malice (as that term is legally defined) in denying Ms. Temple's claim for workers' compensation benefits.

36. Defendants' conduct constituted aggravated, malicious, and outrageous conduct in conscious disregard to Ms. Temple's rights, physical health, and financial condition.

37. Defendants' conduct when viewed objectively from its standpoint at the time of its occurrence involved an extreme degree of risk to Ms. Temple, considering the probability and magnitude of the potential harm to Ms. Temple. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Temple.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully prays that Plaintiff have judgment entered against Defendants and for an award of damages as follows:

a. For compensatory damages for physical pain and suffering, mental and emotional distress, anxiety, and all other general damages alleged and proved at the time of trial;

b. Punitive and exemplary damages in an amount appropriate to punish and set an example of the Defendants, and in such an amount that will discourage Defendants and others from such conduct against other insureds in the future;

c. Recovery of expert witness fees;

d. Recovery of attorney fees;

e. Taxable costs incurred herein;

f. Pre- and post-judgment interest; and

g. For all such other and further relief, at law or in equity, to which BRENDA TEMPLE may be entitled.

Dated this 3rd day of October, 2012

Respectfully submitted,

DOYLE RAIZNER LLP

MICHAEL PATRICK DOYLE
State Bar No. 029400
JEFFREY L. RAIZNER
State Bar No. 029276
KEVIN B. WEIN
State Bar No. 022752
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF BRENDA TEMPLE**

# EXHIBIT A

# NOTICE OF CLAIM STATUS

**Carrier or Self-Insured Name and Address**
c/o Gallagher Bassett Services
720 Park Blvd Ste 125
Boise, ID 83712

ICA Claim No. 20120-310051
Soc. Sec. No. 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
Carrier Claim No. 004459-000005-WC-01

**Claimant's Name and Address**
BRENDA TEMPLE
1331 W BASELINE RD 216
MESA, AZ 85202-5876

Employer: Stanley Steemer
Address: 2440 E Germann Ste B-1
Chandler, AZ 85286
Date Injured: 01/09/12

- [ ] 1. Claim is accepted for benefits by Gallagher Bassett Services, Inc.
- [x] 2. Claim is denied by Gallagher Bassett Services, Inc.
- [ ] 3. No compensation paid because no time was lost from work in excess of seven (7) days attributable to this injury.
- [ ] 4. Enclosed check for $ ______ covers time lost, commencing ______ through ______ (7 days have been deducted if less than 14 calendar days lost). Payment has been made based on 66-2/3% of the wage of ______ based on the following:
  - [ ] A. Statutory minimum or estimated monthly wage pending determination of Average Monthly Wage within 30 days.
  - [ ] B. Average monthly wage at time of injury (see attached calculation), subject to final determination by the Industrial Commission of Arizona within 30 days.
- [ ] 5. Temporary compensation changed to 66-2/3% of the difference between average monthly wage before injury and the wage claimant is able to earn after date of release to work, effective ______
- [ ] 6. Temporary compensation and active medical treatment terminated on ______ because claimant was discharged.
- [ ] 7. Injury resulted in no permanent disability.
- [ ] 8. Injury resulted in permanent disability. (Amount of permanent benefits, if any, and supportive medical maintenance benefits, if any, will be authorized by subsequent Notice.)
- [ ] 9. Petition to Reopen accepted for benefits by (Insert Name of Carrier or Self-Insured Employer).
- [ ] 10. Petition to Reopen denied for benefits by (Insert Name of Carrier or Self-Insured Employer).
- [ ] 11. Other

MAILED ON: March 5, 2012 BY: Tonya L. Murray (Authorized Representative) Tel. # 1-866-217-1192

Copy to: Industrial Commission of Arizona

The insurance carrier/employer will, upon request, provide claimant a copy of the medical report to support the Findings 5, 6, 7 or 8.

El responsable por la aseguranza/patron, a petición del asegurado, dara una copia del reporte medico que soporte las resoluciones de 5, 6, 7 o 8.

<u>NOTICE TO CLAIMANT:</u> If you do not agree with this NOTICE and wish a hearing on the matter, your written Request for Hearing must be received at either office of the Industrial Commission listed below within NINETY (90) DAYS after the date of mailing of this NOTICE, pursuant to A.R.S. 23-941 and 23-947. <u>IF NO SUCH APPLICATION IS RECEIVED WITHIN THAT NINETY DAY PERIOD, THIS NOTICE IS FINAL.</u>

<u>AVISO AL RECLAMANTE:</u> Si usted no esta de acuerdo con este AVISO, y desea una audiencia en este caso, su petición por escrito pidiendo una audiencia debe ser recibida en cualquiera de las oficinas de la Comisión Industrial a las direcciones abajo indicadas dentro de NOVENTA (90) DIAS después de la fecha de este AVISO, de acuerdo con las leyes A.R.S. 23-941 y 23-947. <u>SI DICHA PETICION NO ESTA RECIBIDA DENTRO DEL PERIODO DE NOVENTA (90) DIA, ESTE AVISO SERA CONSIDERADO FINAL.</u>

Phoenix Office: Industrial Commission of Arizona
800 W. Washington Street
Phoenix, Arizona 85007-2922
P.O. Box 19070
Phoenix, Arizona 85005-9070

Tucson Office: Industrial Commission of Arizona
2675 E. Broadway
Tucson, Arizona 85716-5342

THIS FORM APPROVED BY THE INDUSTRIAL COMMISSION OF ARIZONA FOR CARRIER USE

'12 MAR 08 AM10:47 ICA CLAIMS

Form ICA 04-0104 (Rev 9/0)

03/20/2012 15:25 6025423373 ICA CLAIMS PAGE 02/02

EXHIBIT "A"

MICHAEL K. JEANES, CLERK
BY [signature] DEP
FILED
12 OCT -4 PM 4:43

Michael Patrick Doyle (# 029400)
Jeffrey L. Raizner (# 029276)
Kevin B. Wein (# 022752)
DOYLE RAIZNER LLP
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com
Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**BRENDA TEMPLE**
**Plaintiff**

**v.**

**HARTFORD INSURANCE CO. OF THE MIDWEST; GALLAGHER BASSETT SERVICES, INC.; TONYA L.MURRAY; XYZ CORPORATIONS; JOHN DOES 1-26;**
**Defendants**

**CASE NO.:** CV2012-015126

**CERTIFICATE OF COMPULSORY ARBITRATION**

The undersigned certifies that this case is not subject to Rule 72(b), Arizona Rules of Civil Procedure, because the amount in controversy exceeds the jurisdictional limit.

Dated this 3rd day of October, 2012

DOYLE RAIZNER LLP
316 E. Flower St., Suite A ♦ Phoenix, AZ 85012
Phone: 480.447.2494 ♦ Fax: 480.685.5005

Respectfully submitted,

DOYLE RAIZNER LLP

MICHAEL PATRICK DOYLE
State Bar No. 029400
JEFFREY L. RAIZNER
State Bar No. 029276
KEVIN B. WEIN
State Bar No. 022752
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF BRENDA TEMPLE**

MICHAEL K. JEANES, CLERK
BY [signature] DEP
FILED

12 OCT -4 PM 4:43

Michael Patrick Doyle (# 029400)
Jeffrey L. Raizner (# 029276)
Kevin B. Wein (# 022752)
DOYLE RAIZNER LLP
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com
Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**BRENDA TEMPLE**
**Plaintiff**

**v.**

**HARTFORD INSURANCE CO. OF THE MIDWEST; GALLAGHER BASSETT SERVICES, INC.; TONYA L.MURRAY; XYZ CORPORATIONS; JOHN DOES 1-26;**
**Defendants**

**CASE NO.:** CV2012-015126

**DEMAND FOR JURY TRIAL**

The Plaintiff, BRENDA TEMPLE, by and through undersigned counsel, hereby Demands trial by jury on all issues.

Dated this 4th day of October, 2012

DOYLE RAIZNER LLP
316 E. Flower St., Suite A ♦ Phoenix, AZ 85012
Phone: 480.447.2494 ♦ Fax: 480.685.5005

Respectfully submitted,

DOYLE RAIZNER LLP

MICHAEL PATRICK DOYLE
State Bar No. 029400
JEFFREY L. RAIZNER
State Bar No. 029276
KEVIN B. WEIN
State Bar No. 022752
316 East Flower St., Suite A
Phoenix, AZ 85012
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
jraizner@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF BRENDA TEMPLE**

# EXHIBIT 2
# to
# (NOTICE OF REMOVAL)

| CASE CAPTION | TYPE | TOTAL DAMAGES AWARDED | DAMAGES BREAKDOWN |
|---|---|---|---|
| *Cano v. Zurich North American Ins. Co.,* 05-CV-0511-PHX-SRB, (unreported)[1] | Bad Faith denial of workers' compensation benefits | $325,000 | $275,000 compensatory damages and $50,000 punitive damages |
| *Simms v. State Farm Fire & Casualty Co.,* Case No. 03-CV-1415-PHX-ROS, 2006 WL 4017637 (D. Ariz.) | Bad Faith interpretation of homeowners' policy benefits | $141,000 | $100,000 in bad faith damages and $41,000 for breach of contract damages |
| *Leavey v. UNUM/Provident Corp.*, Case No. 02-CV-2281-PHX-SMM, 2005 WL 3826741 (D. Ariz.) | Bad faith for discontinuing insured's disability benefits | $19,809,028 | $15,000,000 punitive damages, $4,000,000 pain and suffering and $809,028 bad faith damages |
| *Ceimo v. General American Life Ins. Co.,* Case No. 00-CV-1386-PHX-FJM, 2003 WL 24030129 (D. Ariz.) | Bad Faith denial of disability benefits | $80,228.071 | $79,000,000.00 punitive damages, $1,222,601.00 past due benefits and interest and $5,470,000. compensatory damages |
| | | | |

[1] A copy of the relevant judgment follows this chart.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jim Cano,<br><br>Plaintiff,<br><br>v.<br><br>Zurich American Insurance Company,,<br><br>Defendants | **JUDGMENT IN A CIVIL CASE**<br><br>CIV-05-511-PHX-SRB |

This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Jury having found in favor of Plaintiff Jim Cano on his claim of breach of the covenant of good faith and fair dealing against Defendant Zurich American Insurance Company, hereby awards compensatory damages in the amount of $275,000.00, and punitive damages in the amount of $50,000.00.

JUDGMENT ENTERED this 27th day of October, 2006.

RICHARD H. WEARE
District Court Executive/Clerk

s/ M. Pruneau
By: Deputy Clerk

cc: (all counsel)